**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MAURICE REMILLARD,
               Appellant,

       v.

DEPARTMENT OF THE NAVY,
               Agency.

DOCKET NUMBER
PH-0752-20-0259-I-1

DATE: September 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeremy R. Stephens</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Barbara M. Dale</u>, Esquire, Newport, Rhode Island, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal decision. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clearly state that the appellant was not a qualified individual with a disability and supplement the analysis of this finding, and to VACATE the administrative judge's alternative basis for concluding that the appellant failed to prove that the agency denied him reasonable accommodation, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a Lead Firefighter with the agency's Fire and Emergency Services division in Groton, Connecticut. Initial Appeal File (IAF), Tab 6 at 6. On October 18, 2019, the appellant scraped his thumb "dealing with an issue with [a] Ladder Truck [that was] going out of service," and put a large bandage on his thumb to stop the bleeding. IAF, Tab 6 at 62, Tab 23 at 9. According to the appellant, during a subsequent verbal exchange with a coworker, his coworker said, in a condescending manner, "that's a pretty big Band-Aid for a scrape." IAF, Tab 6 at 62. The appellant responded to this by putting both his hands around the coworker's throat. *Id.* The appellant admitted doing so in a subsequent investigation by the agency. *Id.* at 60, 62.

The agency proposed the appellant's removal for this incident, charging him with conduct unbecoming. *Id.* at 18-19, 56. The appellant responded to the proposal in writing asserting, among other things, that he was subsequently

diagnosed with anxiety, for which he had begun treatment. *Id.* at 13, 15, 23, 28-29.

After considering the appellant's response, the deciding official sustained the charge and the penalty of removal. *Id.* at 7-9. The agency removed the appellant effective March 28, 2020. *Id.* at 6, 8. The appellant filed the instant appeal of his removal to the Board. IAF, Tab 1 at 11-14. He disputed the charge and alleged that the penalty of removal was too severe. *Id.* at 11-23. He further alleged disability discrimination because the agency failed to provide a reasonable accommodation for his anxiety. *Id.* at 23-25.

After holding a hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 28, Hearing Compact Disc (HCD), Tab 31, Initial Decision (ID) at 1, 6. She found that the agency proved its charge, noting that the appellant admitted to engaging in the conduct as alleged. ID at 5. She also determined that the appellant failed to establish a prima facie case of failure to accommodate his disability. *Id.* Specifically, she held that the appellant failed to show that his medical condition was "sufficiently severe or pervasive to constitute a disability under the law." ID at 5-6. She further held that the appellant was not diagnosed with anxiety until after the agency proposed his removal, did not request an accommodation at any time, and did not identify any accommodation that would have prevented him from having similar violent outbursts in the future. ID at 6. The administrative judge then held that the deciding official properly considered the relevant factors in determining the penalty, and found that the penalty of removal was not unreasonable. ID at 5.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He asserts that the administrative judge abused her discretion when she limited his testimony regarding evidence of a disparate penalty and the agency's failure to accommodate his disability. *Id.* at 11-13. He repeats his argument that the penalty of removal is too severe, and asserts that the administrative judge failed to consider various mitigating factors. *Id.* at 14-16.

He further challenges the administrative judge's finding that he failed to establish a prima facie case of failure to accommodate. *Id.* at 17-20. Specifically, he re-raises his argument that the agency should have known about his disability and offered him a reasonable accommodation. *Id.* at 19-20. The agency has responded to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly held that the agency proved the charge of conduct unbecoming.</u>

The administrative judge here held that the appellant admitted to committing the misconduct as specified and thus the agency met its burden to establish the charge by preponderant evidence. ID at 5. The parties do not challenge this finding on review, and we discern no reason to disturb it. *See Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 9 (2014) (explaining that an appellant's admission can suffice as proof of a charge); *see also Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010) (finding that, in order to prove a charge of conduct unbecoming, the agency is required to demonstrate that the appellant engaged in the underlying conduct alleged in support of the broad label).

<u>We affirm as modified the administrative judge's finding that the appellant failed to prove his affirmative defense of failure to reasonably accommodate his disability.</u>

The appellant argued below that the agency's failure to accommodate his mental health conditions led to the misconduct that resulted in his removal. IAF, Tab 25 at 4-9. The administrative judge found that the appellant failed to prove a prima facie case of failure to accommodate his disability. ID at 5-6. The appellant has re-raised this claim on review. PFR File, Tab 1 at 17-20.

An appellant in a removal appeal who raises the affirmative defense of disability discrimination has the burden of proving the defense by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C). In the case of an

alleged failure to provide reasonable accommodation, this includes the burden of proving that he is a qualified individual with a disability, i.e., that he can perform the essential duties of his position or one he desires with or without reasonable accommodation. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29. The administrative judge implicitly found that the appellant was not a qualified individual with a disability because he "failed to identify any accommodation that would have been effective in preventing the charged misconduct, or any future violent outbursts." ID at 6. We agree as modified to clarify and supplement this analysis.

> *Because the appellant was not otherwise qualified, the agency was not obligated to accommodate him.*

The appellant argues, both below and on review, that he is a qualified individual with a disability and the agency should have initiated an interactive process with him prior to the October 18, 2019 incident, based on his previous misconduct. IAF, Tab 25 at 7-8; PFR File, Tab 1 at 19-20.

An employee generally has a responsibility to inform his employer that he needs accommodation for a medical condition. *Paris v. Department of the Treasury*, 104 M.S.P.R. 331, ¶ 17 (2006); Equal Employment Opportunity Commission (EEOC), Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the [Americans with Disabilities Act], Notice No. 915.002 (EEOC Enforcement Guidance), Question 40 (Oct. 17, 2002), https://www.eeoc.gov/laws/guidance/enforcement-guidance-reasonable-accommodation-and-undue-hardship-under-ada (last visited Sept. 16, 2024). Once the employee has requested accommodation, the employer must engage in the interactive process in an effort to determine an appropriate accommodation. *Paris*, 104 M.S.P.R. 331, ¶ 17. However, the EEOC has provided guidance regarding an employer's obligation to provide reasonable accommodation that recognizes an exception. Specifically, an employer "should initiate the reasonable accommodation interactive process without being asked if the

employer: (1) knows that the employee has a disability, (2) knows, or has reason to know, that the employee is experiencing workplace problems because of the disability, and (3) knows, or has reason to know, that the disability prevents the employee from requesting a reasonable accommodation." EEOC Enforcement Guidance, Question 40.

The appellant here argues that, leading up to the incident in question, his second-level supervisor had received several complaints regarding the appellant by other employees. PFR File, Tab 1 at 19. He testified that he informally told at least two individuals, including the Fire Chief, that he was frequently tired and irritable. HCD at 12:00 (testimony of the appellant). He further alleges that, after the incident here, his second-level supervisor stated to another agency official that he had a "growing case" against the appellant and "growing documentation of [his] behavior." PFR File, Tab 1 at 19. The appellant asserts, therefore, that his supervisors had reason to know that he suffered from a disability. *Id.* at 19-20. Thus, because management never asked him if he needed a reasonable accommodation, the agency did not follow the appropriate steps of initiating the reasonable accommodation interactive process. *Id.* He asserts that, had the agency begun the interactive process, it would have determined he could work as long as he continued seeking treatment for anxiety. *Id.* at 18-19. We are not persuaded.

Regardless of any obligation it has to initiate the interactive process, an agency is never required to excuse a disabled employee's violation of a uniformly applied job-related rule of conduct, even if caused by his disability. *Fitzgerald v. Department of Defense*, 85 M.S.P.R. 463, ¶ 4 (2000); EEOC Enforcement Guidance, Question 35. Generally, employees who commit misconduct because of their alleged disabilities are not considered otherwise qualified. *Fitzgerald*, 85 M.S.P.R. 463, ¶ 4. Accordingly, we find that the agency had no obligation to accommodate the appellant and the administrative judge properly determined that he did not prove his defense of failure to accommodate.

The administrative judge here additionally held that the appellant failed to demonstrate by preponderant evidence that his medical condition was "sufficiently severe or pervasive to constitute a disability under the law." ID at 5-6. Because we find that the appellant failed to prove that the agency was obligated to accommodate him, we vacate this alternative finding as unnecessary. We therefore decline to address the appellant's arguments on this issue.[2] PFR File, Tab 1 at 17.

<u>The administrative judge correctly held that the deciding official considered the relevant factors and that the penalty of removal was reasonable.</u>

In addition to proving its charge, an agency must establish a nexus between the action and the efficiency of the service. *Hall v. Department of Defense*, 117 M.S.P.R. 687, ¶ 6 (2012). The administrative judge did not address this issue, and the parties have not raised it on review. We find that the agency met its nexus requirement because the appellant's misconduct took place at work. *See Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987) (finding sufficient nexus between an employee's conduct and the efficiency of the service when the conduct occurred in part at work). Thus, any error by the administrative judge in addressing the issue was harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant on review argues that the penalty of removal was too severe, the administrative judge failed to consider various mitigating factors, and the administrative judge abused her discretion in limiting testimony about comparator

---

[2] The appellant additionally argues, citing *Peru v. Department of Justice*, 22 M.S.P.R. 52, 54-55 (1984), that the agency was required to offer him rehabilitative assistance prior to initiating any disciplinary action. PFR File, Tab 1 at 17. We are unpersuaded. *Peru* dealt with rehabilitative assistance for alcoholism and, in any event, an agency's obligation to offer this assistance was subsequently eliminated by statute. 42 U.S.C. § 12114(c)(4); *Kimble v. Department of the Navy*, 70 M.S.P.R. 617, 620-23 (1996); *Peru*, 22 M.S.P.R. at 55. Thus, we find it inapplicable to the case at hand.

employees. PFR File, Tab 1 at 11-12, 14-16. The administrative judge held that the deciding official considered the relevant factors and that the penalty of removal was reasonable. ID at 5. We agree.

The Board will review an agency-imposed penalty to determine if the agency considered all the relevant factors. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In reviewing an agency-imposed penalty, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency; the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised within tolerable limits of reasonableness. *Id.* at 302.

The administrative judge here held that the deciding official considered the relevant mitigating and aggravating factors, including the appellant's anxiety. ID at 5. The appellant argues on review that the administrative judge failed to mention or consider certain mitigating factors in the initial decision. PFR File, Tab 1 at 15-16. We discern no error by the administrative judge.

The appellant here only challenges the administrative judge's determinations. *Id.* However, as indicated above, her responsibility was to ensure the agency properly weighed the relevant factors, not to reweigh them herself. *See Douglas*, 5 M.S.P.R. at 302, 306. Here, the administrative judge determined that the deciding official had done so, and that the penalty of removal was reasonable. ID at 5. Her failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Therefore, the appellant's arguments do not provide a basis to grant review.

To the extent the appellant is arguing that the deciding official failed to consider all of the relevant *Douglas* factors, we are similarly unpersuaded. A deciding official need not show that he considered all the mitigating factors, and the Board will independently weigh the relevant factors only if the deciding

official failed to demonstrate that he considered any specific, relevant mitigating factors before deciding on a penalty. *Batara v. Department of the Navy*, 123 M.S.P.R. 278, ¶ 5 (2016). The appellant on review lists numerous mitigating factors the deciding official apparently failed to consider. PFR File, Tab 1 at 15. Specifically, he claims the incident was caused by high tensions and frustrations in the department on the day of the incident, which exacerbated his anxiety. *Id.* He also notes his lengthy Federal career with no prior discipline and consistent fully satisfactory ratings, as well as his cooperation with the agency's investigation and his honesty throughout the process. *Id.* at 15-16. He further explains several personal problems he had been dealing with at the time of the incident, including familial health problems and a friend who recently died by suicide. *Id.* at 16. Finally, he notes that he has sought treatment for his anxiety and continues to seek counseling to deter future problems. *Id.* The appellant raised each of these mitigating factors in his responses to the proposed removal. IAF, Tab 6 at 13-15, 25-29.

The deciding official considered these responses, including the appellant's employment record, length of service, and lack of prior discipline. *Id.* at 7-8; HCD at 49:55, 54:35 (testimony of the deciding official). We note that the deciding official's *Douglas* factor worksheet attached to the removal decision listed "N/A" when considering mitigating factors such as mental impairment or unusual job tensions. IAF, Tab 6 at 12. At the hearing, however, he testified that he considered all mitigating factors raised by the appellant in response to the proposed removal, including the unusual job tensions, problems at home, and his mental condition, when determining the penalty. HCD at 49:30, 54:20 (testimony of the deciding official). Moreover, he indicated that he considered the appellant's assertion that he was seeking treatment for his mental condition. HCD at 54:47 (testimony of the deciding official). He testified, however, that he found these factors insufficient to mitigate the penalty in light of the seriousness of the offense and "the level of stress under which a firefighter performs." HCD

at 49:30, 55:11 (testimony of the deciding official); *cf. O'Lague v. Department of Veterans Affairs*, 123 M.S.P.R. 340, ¶ 20 (2016) (recognizing that law enforcement officers may be held to a higher standard of conduct than other Federal employees), *aff'd per curiam*, 698 F. App'x 1034 (Fed. Cir. 2017). Accordingly, we discern no error in the administrative judge's conclusion that the deciding official properly considered the relevant mitigating and aggravating factors in determining the appropriate penalty. Indeed, the Board has found removal appropriate in similar circumstances. *See Mingledough v. Department of Veterans Affairs*, 88 M.S.P.R. 452, ¶¶ 11-16 (2001) (finding the penalty of removal reasonable when the appellant's misconduct included engaging in a physical altercation with agency police officers despite medical evidence that he suffered from an anxiety disorder).

The appellant further asserts on review that his coworker did not sustain any serious injuries and did not press charges after the incident. PFR File, Tab 1 at 15. The appellant has not claimed he raised these arguments to the deciding official or before the administrative judge, and they are not in his written response to the proposed removal. IAF, Tab 6 at 13-15, 23-29. His closing statement references only that he did not "inten[d] to cause serious bodily injury" to his coworker; he did not claim that no such injury occurred or that the deciding official failed to consider that fact. IAF, Tab 29 at 5. This information regarding his coworker was available before the record closed below. IAF, Tab 6 at 64; *see Norris v. Securities and Exchange Commission*, 675 F.3d 1349, 1355-57 (Fed. Cir. 2012) (finding that, in assessing whether the penalty was reasonable, the Board must consider new, post-removal mitigation evidence that was not available to the agency); *see also Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (reflecting that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Accordingly, we discern no basis to disturb the administrative judge's

determination that the penalty of removal was within the tolerable bounds of reasonableness.

<u>The administrative judge did not abuse her discretion in limiting the testimony regarding reasonable accommodation or the consistency of the penalty.</u>

The appellant argues on review that the administrative judge abused her discretion in cutting his testimony short. PFR File, Tab 1 at 13. We are not persuaded. An administrative judge has wide discretion under the Board's regulations to exclude testimony she believes would be irrelevant, immaterial, or unduly repetitious. *Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353, ¶ 21 (2015). In order to obtain reversal of an initial decision on the ground that the administrative judge abused her discretion, the petitioning party must show that relevant evidence, which would have affected the outcome, was disallowed. *Id.*

As an initial matter, it is not clear that the appellant was prevented from testifying about why the agency should have known he required an accommodation or even about his medical condition more generally. The appellant testified that he informally told at least two individuals, including the Fire Chief, that he was frequently tired and irritable. HCD at 12:00 (testimony of the appellant). He further testified that, if the agency saw a change in his work level or interactions with coworkers, it should have addressed it with him. HCD at 21:00 (testimony of the appellant). Finally, he confirmed in his testimony that he never requested a reasonable accommodation, and did not receive a formal diagnosis until after the incident in question. HCD at 18:35, 27:00 (testimony of the appellant). After this line of questioning, the appellant's representative stated that he had no further questions about whether the agency should have known about the appellant's disability. HCD at 21:30 (statement of the appellant's representative). It was only after the appellant's testimony during his case in chief concluded that the administrative judge indicated that she would take no

more testimony on his reasonable accommodation defense because it failed "as a matter of law." HCD at 29:00 (statement of the administrative judge).

Notwithstanding this statement, the administrative judge permitted the appellant's attorney to recall him later during the hearing. HCD at 1:45:00 (administrative judge's statement on record). During this testimony, the appellant testified again about his medical condition. HCD at 1:53:00, 1:58:00 (testimony of the appellant). For example, he testified about his diagnosis, treatment, and progress. HCD at 1:58:00 (testimony of the appellant). He also testified about his belief that he could perform as a nonsupervisory firefighter. HCD at 2:00:00 (testimony of the appellant).

Further, in light of our finding above that the agency had no obligation to accommodate the appellant because he was not qualified to perform his duties, we find that the administrative judge did not abuse her discretion to the extent she limited testimony on the agency's obligation to initiate the interactive process. *See Fitzgerald*, 85 M.S.P.R. 463, ¶ 4 (finding an agency is never required to excuse a disabled employee's violation of a uniformly applied job-related rule of conduct, even if caused by his disability). Thus, regardless of whether the appellant could have elicited testimony that the agency should have known he required accommodation, he nonetheless could not have established his affirmative defense. *See id*. (finding employees who commit misconduct because of their alleged disabilities generally are not considered otherwise qualified).

The appellant additionally argues on review that the administrative judge abused her discretion by limiting the deciding official's testimony about comparator employees and denying witnesses who could testify regarding other physical altercations that did not result in removal. PFR File, Tab 1 at 11-12. We disagree.

According to the appellant, he was prevented from eliciting testimony from the deciding official regarding his knowledge of an allegedly similar incident in which the coworker whose neck the appellant sought to squeeze had violated a

domestic restraining order. *Id.* When the appellant's representative began to question the deciding official about the coworker, the administrative judge stopped the line of questioning, finding that the coworker was not a comparator because his alleged off-duty conduct that did not involve another agency employee. HCD at 1:06:00 (statement of the administrative judge).

It is well settled that among the factors an agency should consider in setting the penalty for misconduct is "consistency of the penalty with those imposed upon other employees for the same or similar offenses." *Douglas*, 5 M.S.P.R. at 305. Although the universe of potential comparators will vary from case to case, it should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 13. We agree with the administrative judge that the coworker is not similarly situated for consistency of the penalty analysis purposes. The appellant here engaged in a physical altercation against a coworker while on duty. The coworker, on the contrary, allegedly violated a restraining order while off duty. PFR File, Tab 1 at 12. The alleged misconduct of violating the restraining order is not similar to the appellant's misconduct in the case at hand. *See Singh*, 2022 MSPB 15, ¶ 17 (finding that a consistency of the penalty analysis should not extend beyond the same or similar offenses). Moreover, the deciding official here stated in his *Douglas* factor analysis that he was unaware of similarly situated employees. IAF, Tab 6 at 11. He further testified that he was unaware of any comparator who similarly assaulted a coworker while on duty who received a lesser penalty. HCD at 57:00 (testimony of the deciding official). Because testimony regarding the coworker's alleged off-duty conduct was not relevant to a consistency of the penalty determination, we find that the administrative judge did not abuse her discretion in disallowing the line of questioning.

The appellant additionally alleges that the administrative judge abused her discretion by denying his request to call two witnesses, the coworker and another

firefighter, to testify on the penalty issue. PFR File, Tab 1 at 12. The administrative judge denied both witnesses, finding their testimony not relevant. HCD at 1:16 (statement of the administrative judge granting the agency's motion in limine); IAF, Tab 27. Neither witness was proffered by either party to testify regarding their awareness of other physical altercations that resulted in lesser penalties. IAF, Tab 21 at 10, Tab 22 at 9, Tab 23 at 14. Further, as it pertains to the coworker, as discussed above, he was not similarly situated to the appellant.[3] Thus, any testimony from him regarding his conduct or lack of discipline as identified by the appellant is not relevant to the appellant's penalty analysis and the administrative judge did not abuse her discretion by excluding it. In addition, the consistency of the penalty with those imposed on other employees for the same or similar offenses is only one of many factors to be considered in determining the appropriate penalty, and is not necessarily outcome determinative. *Singh*, 2022 MSPB 15, ¶ 18; *Douglas*, 5 M.S.P.R. at 305-06. Accordingly, the administrative judge did not abuse her discretion in denying these witnesses. *See Franco*, 27 M.S.P.R. at 325.

---

[3] The appellant submits the coworker's deposition transcript, in which he discussed the restraining order incident and resulting discipline. PFR File, Tab 1 at 22-30. Because it is in the record below, this is not new evidence warranting review. IAF, Tab 23 at 57-65; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence submitted on review that was included in the record below and considered by the administrative judge is not new); *see also* 5 C.F.R. § 1201.115(d) (providing that the Board may grant a petition for review based on new and material evidence that was not available when the record closed below despite the petitioner's due diligence). In addition, the information contained therein does not alter our conclusion that the coworker was not similarly situated for consistency of the penalty purposes. *See Singh*, 2022 MSPB 15, ¶ 17. Therefore, we decline to consider the transcript further.

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:          _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.